Louis B. Heller, J.
Petitioner, by way of motion, seeks under section 964 of the Penal Law an order enjoining the respondents from using “A” as a name for its business. The history of the parties reveals a constant maneuvering for advantage in position in the advertising pages of the New York Telephone directories. Originally petitioner’s subsidiary, AAAAAA Ace Paper Box Corp., which by the use of the letter “A” six times in the beginning of the name, was listed first in the classified pages. The respondents’ company, AAAA Able Packaging Co., was in second position. Thereafter, other subsidiaries of the petitioner Avere listed in the directories under the names of AAAAAA Ace Creative Packaging Co. and AAAAAA Ace Paper Boxes, causing thereby the respondents to be placed into fourth position in the advertising pages. Bespondents then in turn adopted the name of AAA AAAA Able Box Co. and thus the seven A’s placed the name in first position and moved the *401 applicant’s companies into lower position. When this was accomplished* the applicant moved to enjoin the respondents from the use of such name, but such relief was denied by the court. In a final maneuver, the respondents adopted the name “ A ” and now receives top billing in the advertising pages. For better identity “ A ” sets forth that it is a division of United States Box Co. (which is the parent company of respondents).
Petitioner contends that the “ A ” is not a name; that its use is merely to occupy first place in the advertising; that petitioner had been in first place for 30 continuous years; that petitioner’s position should remain first unless it is displaced by a bona fide firm; that the action of the respondents constituted unfair competition ; that it was intended thereby to mislead the public and accordingly should be enjoined.
The proceeding herein being summary in nature, the right to an injunction must be ‘ ‘ established in a clear and convincing manner ’ ’ and may be granted 11 only when there is conclusive evidence of intent ‘ to deceive and mislead the public ’ ” (Association of Contr. Plumbers v. Contracting Plumbers Assn., 302 N. Y. 495, 498, 502). Such design on the part of the respondents is not evident from the matters presented. But what is apparent is that the respondents merely conceived a plan by which the attention of the public would first be drawn to their products rather than to the products of their competitors. Whether the executed plan can be considered “ unfair competition ” is not a matter to be decided on this application, for under section 964 of the Penal Law the only concern of the court is whether or not the alleged wrongdoer intended to deceive and mislead the public into believing that his business was that of the complaining party or was associated with it. The evidence presented fails to show such intent but does in fact show an intent not to be confused with the petitioner’s company by showing “ A’s ” connection with United States Box Co.
The motion is accordingly denied, without prejudice to the commencement of an appropriate action in equity.